FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

99 AUG 24 AM 9:33

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PUBLIC EMPLOYEE LOCAL UNION 1317, on behalf of itself and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 98-JEO-2428-S<br>) |
| PAGING NETWORK, INC., d/b/a "PAGENET" and PAGING NETWORK OF TENNESSEE, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

ENTERED

AUG 2 4 1999

### MEMORANDUM OPINION

This matter is before the court on various motions filed by the parties, including the "Defendants' Motion to Strike 'Legal Expert' Testimony and to Preclude Reliance on 'Legal Experts'" (doc. 53), the "Plaintiff's Motion to Consolidate" (doc. 64), the plaintiff's "Motion to Compel the Production of Documents Used by a Deponent to Refresh His Recollection" (doc. 66), the "Defendants' Motion to Compel the Deposition of Steve Johnson" (doc. 68), the "Defendants' Motion for Limited Extension of Discovery on Class Certification to Allow PageNet to Take Anura Andradi's Deposition" (doc. 70), and the plaintiff's "Motion for Leave to Take the Deposition of Michael DiMarco" (doc. 79).

### I. MOTION TO STRIKE (DOC. 53)

On May 14, 1999, the plaintiff filed the affidavit of George C. Pratt to assist this court in its determination of issues related to class certification under *Fed. R. Civ. P.* 23. (Doc. 49, Ex. A). The defendants ("PageNet") object to the affidavit, asserting that the opinion contained in the affidavit,



that this case is appropriate for class certification, is an "inadmissible legal opinion, and should be stricken from the record." (Doc. 53, p. 1). The plaintiff filed a pleading in opposition to the motion to strike the affidavit. (Doc. 62). It asserts that (1) this court has broad discretion under *Fed. R. Evid.* 702 to accept the affidavit of an expert, (2) the affidavit would assist the court in the ultimate determination of whether this action should proceed on a class basis, (3) jury confusion is not an issue, and (4) if the court finds any portion of the affidavit improper, it should exclude only that portion. (*Id.*). The plaintiff also filed a supplemental submission in opposition to the motion to strike, requesting that this court follow the lead of United States District Judge Myron Thompson in *Peters v. Amoco Oil Co.*, CV 96-T-940-N, as he summarily denied a motion to strike the "preliminary statements" of law professors and "expert reports" and "to preclude the plaintiffs' use of such 'legal experts' in the future." (Doc. 63, Ex. 2, 4). PageNet filed a reply in support of the motion to strike. (Doc. 69). It asserts that the affidavit is inadmissible legal opinions and conclusions. (*Id.*).

There is no issue in this matter as to the qualifications of the proffered expert to render his legal conclusion as to the propriety of class certification in this matter. The parties simply disagree whether such evidence is appropriate. Even though *Fed. R. Evid.* 704 abolished the per se rule against testimony regarding ultimate issues of fact, it is not intended to allow a witness to give legal conclusions. *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977).[1] Further, it is not intended to "usurp the province of the judge." *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986), disagreed with on other grounds, *Pinter v. Dahl*, 486 U.S. 622, 108 S. Ct. 2063, 100 L. Ed.

---

[1] All decisions of the former Fifth Circuit Court of Appeals handed down before the close of business on September 30, 1981, are binding precedent in this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

2d 658 (1988).

The undersigned is charged with the responsibility of knowing the law and resolving questions of law presented by the parties. This task is accomplished through the assistance of the parties, who in this case have clearly demonstrated their ability as advocates on behalf of their clients, computer-aided research, and a staff attorney. The court deems these resources more than sufficient to address the class certification question in this matter without the necessity of considering the legal conclusion of an expert associated with a particular advocate in the dispute. The sum and substance of the proffered evidence is advocacy. This court agrees with Judge Learned Hand's observation almost seventy years ago that "[a]rgument is argument whether in the box or at the bar, and its proper place is the last." *Nichols Universal Pictures Corp.*, 45 F.2d 119, 123 (2nd Cir. 1930), *cert. denied*, 282 U.S. 902, 51 S. Ct. 216, 75 L. Ed. 795 (1931). Accordingly, the motion to strike and to preclude the further use of the affidavit of the expert is due to be granted.

## II. MOTION TO CONSOLIDATE (DOC. 64)

The plaintiff in the present case, *Public Employee Local Union 1317 v. Paging Network, Inc.*, CV 98-JEO-2428-S, and in *Public Employee Local Union 1317 v. Paging Network, Inc.*, CV 99-N-1022-S, has moved to consolidate the two cases. (Doc. 64). The first action asserts that the defendants failed to credit their customers for a satellite outage occurring on May 19, 1998. The plaintiff alleges a breach of the contract, negligence, and unjust enrichment. As already noted above, the plaintiff seeks class certification in that matter. The second action asserts that the defendants improperly imposed a surcharge on monthly bills. The plaintiff alleges a breach of the contract, a claim for money improperly paid, unjust enrichment, assumpsit, and conversion. The plaintiff therein also seeks class certification. The plaintiff asserts that the cases should be consolidated because the

parties are identical, the claims arise out of the same contracts, and the theories of liability are similar.

This motion is denied at this juncture as Judge Nelson has referred the latter case to the undersigned magistrate judge for pretrial management.

### III. MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOC. 66)

The plaintiff has filed a motion to compel the production of documents contained on PageNet's privilege logs that were used by Scott Baradell, the Manager of Corporate Communications for PageNet, to refresh his recollection in preparation for his March 16, 1999 deposition. (Doc. 66). The plaintiff premises its argument on *Fed. R. Evid.* 612. In opposition, PageNet asserts that since their failure to disclose is premised on the attorney-client privilege under *Fed. R. Evid.* 501, this issue is to be determined by state law and Alabama has rejected the requirement under *Fed. R. Evid.* 612(2) that such documents be produced. (Doc. 67). The plaintiff has filed a reply memorandum supporting the motion to compel. (Doc. 75). PageNet also filed another brief in opposition of the motion to compel. (Doc. 82).[2] On August 6, 1999, PageNet submitted a number of items in opposition to the motion to compel, including (1) a cover letter, (2) the complete deposition of Baradell, (3) the privileged documents shown to Baradell prior to the deposition, submitted under seal, and "Bates Stamped" document # 6079, and (4) a copy of PageNet's reply (doc. 82) to the plaintiff's motion to compel. (Doc. 83, 84 (sealed)).

*Fed. R. Evid.* 612 provides:

> Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh his memory for the

---

[2] Some of the arguments in this submission were previously advanced in a letter from defense counsel to the court submitted on July 27, 1999.

> purpose of testifying, either--
>
> (1) while testifying, or
> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony, the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

Accepting the plaintiff's position, that *Fed. R. Evid.* 612 and not state law controls, for the sake of argument, the court has reviewed the documents that PageNet asserts are privileged and does not find that "it is necessary in the interests of justice" that they be disclosed. In reaching this conclusion, the court has carefully reviewed Baradell's deposition testimony, the two sealed documents that have not been disclosed and the description of the same in the sealed pleading, and the "Bates-stamped" document that was disclosed by PageNet. The court notes that, premised on the content of the non-disclosed documents and Baradell's deposition testimony, the need for disclosure of the documents is marginal at best. Additionally, the disclosure of "Bates-stamped" document # 6079 by PageNet and the fact that attorney-client privileged material is contained in the sealed documents militates against any additional disclosure. The motion to compel, therefore, is due to be denied.[3]

---

[3] The court has also considered the proprietary of disclosure after redaction of privileged portions and finds that the facts do not warrant such.

**IV. MOTION TO COMPEL DEPOSITION (DOC. 68)**

On April 29, 1999, PageNet propounded interrogatories to the plaintiff seeking information concerning lawsuits that plaintiff's counsel, Steven M. Johnson,[4] had filed and dismissed that purportedly are similar to the present matter and also involve requests for class certification in Texas. The plaintiff objected to the questions and after various attempts to resolve the differences were not successful, PageNet noticed the deposition of Johnson. The plaintiff's counsel filed a motion for a protective order preventing the deposition. (Doc. 56). A hearing on the matter was conducted on June 23, 1999. After listening to the arguments of counsel, the court acknowledged that the adequacy of Johnson as class counsel is relevant to the issue of class certification. At the end of the hearing, it was understood that the parties would, at that juncture, pursue written discovery on the matter rather than insist on the deposition. (Doc. 60). PageNet now requests that this court compel the deposition of Steve Johnson. (Doc. 68).

The crux of this issue concerns the actions, if any, of Johnson in four civil actions that were filed in the District Court of Dallas County, Texas: (1) *Keith Farr v. PanAmSat, et al.*, No. 98-3964 (*Farr*); (2) *S.R. Fletcher v. PanAmSat, et al.*, No.98-3965 (*Fletcher*); (3) *Dennis Kruse v. PanAmSat, et al.*, No. 98-3970 (*Kruse*); (4) *Withers & Andradi v. PageMart Wireless, Inc.*, No. 98-3993 (*Withers & Andradi*). PageNet alleges that Johnson filed a complaint in *Farr* at approximately 12:31 p.m. on May 20, 1998. It alleges that attorney Thomas A. (Tad) Adams filed the *Fletcher* suit approximately seven minutes after the *Farr* suit, using a substantially similar complaint, that Johnson discussed the *Fletcher* suit with Adams before it was filed, and that Johnson paid the filing

---

[4] Johnson's *pro hac vice* application was granted on May 21, 1999. (Doc. 51).

fee. PageNet further alleges that attorney William Kyle Thomas filed the *Kruse* suit approximately two hours after the *Farr* suit, using a substantially similar complaint as that used in *Fletcher* other than that there was no jury demand, that Johnson discussed the *Kruse* suit with Thomas before it was filed, and that Johnson paid the filing fee. Finally, they allege that attorney John Withers, Jr., filed a complaint naming himself as a plaintiff approximately four hours after the first complaint was filed. The complaint is once again alleged to be substantially similar to the others. According to PageNet, Johnson paid the filing fee and, on the next day, Johnson filed an amended complaint in the *Withers* case, adding Anura Andradi as a plaintiff and PageMart Wireless, Inc. and Paging Networks, d/b/a PageNet as defendants. Counsel in the *Farr*, *Fletcher*, and *Kruse* cases filed identical notices of nonsuit on the same day. At some point, attorney George Kryder, representing PanAmSat, and attorney Jerry Doak, representing PageNet, had a conversation with Johnson wherein they accused him of attempting to select a particular judge and the possibility of sanctions for such conduct. Johnson later dismissed the *Withers* lawsuit with prejudice on June 18, 1998. (Doc. 61, pp. 2-6).

Through various written responses, Johnson has asserted: (1) he filed the *Farr* case and then dismissed it on instructions from his client, (2) he did not file or dismiss the *Fletcher* or *Kruse* cases, (3) he did not discuss the filing of the *Kruse* case with Thomas, (4) he dismissed the *Withers* case because Wither's paging service provider, PageMart, had decided to credit its customers and becasue Andradi did not have a contract with PageNet, and he did not substitute another party as the putative plaintiff company, Texas Copy, was not interested in a lawsuit, (5) he has no documents from his files in the *Farr*, *Fletcher*, *Kruse* and *Withers & Andradi* cases, and (6) he did not "take part in filing four virtually identical lawsuits and in the dismissal of the first three filed suits less than two days

7

later and [he] was not judge shopping." (Doc. 68, Ex. A, response 24).

One of the issues to be addressed in determining whether a matter is appropriate for class certification is whether "the representative parties will fairly and adequately protect the interests of the class." *Fed. R. Civ. P.* 23(a)(4). "The adequate representation requirement involves questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and of whether plaintiffs have interests antagonistic to those of the rest of the class." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985) (citing *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969). In *Kingsepp v. Wesleyan University*, 142 F.R.D. 597 (S.D.N.Y. 1992), the court stated:

> The adequate representation requirement "lies at the heart" of the rationale supporting class actions. *Johnson v. Shreveport Garment Co.*, 422 F. Supp. 526, 531 (W.D. La. 1976). When a court finds that class counsel is "adequate" for purposes of Rule 23(a)(4), it creates a potential attorney-client relationship between class counsel and the absent members of the putative class. *See Amos v. Board of Directors*, 408 F. Supp. 765, 774 (E.D. Wis. 1976) ("In certifying a class action, the Court not only confers on absent persons the status of litigants, but in addition it creates an attorney-client relationship between those persons and a lawyer or group of lawyers"). Because class counsel seeks to determine the rights of absent putative class members, "a court must carefully scrutinize the adequacy of representation" when considering whether to certify a class. *Eisen*, 391 F.2d at 562; *see Smith v. Josten's American Yearbook Co.*, 78 F.R.D. 154, 163 (D. Kan. 1978) ( "In passing upon the adequacy of counsel, courts hold attorneys to a 'heightened standard' in light of their great responsibility to the absent class."), *aff'd*, 624 F.2d 125 (10th Cir. 1980). The role of class counsel is akin to that of a fiduciary for the class members. *Wagner v. Lehman Bros. Kuhn Loeb, Inc.*, 646 F. Supp. 643, 661 (N.D. Ill. 1986); *see Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 832 (3d Cir. 1973) ("class counsel possess, in a very real sense, fiduciary obligations to those not before the court"); *cf. Alpine Pharmacy Inc. v. Chas. Pfizer & Co.*, 481 F.2d 1045, 1050 (2d Cir.) (class counsel "serves in something of a position of public trust"), *cert. denied*, 414 U.S. 1092, 94 S. Ct. 722, 38 L. Ed. 2d 549 (1973).
>
> Therefore, a Court must "scrutinize the character, competence and quality of counsel retained" by the plaintiff. *Smith v. Josten's Am. Yearbook Co.*, 78 F.R.D. at 163; *see Johnson*, 422 F. Supp. at 535 ("usually the degree of representation by the

8

named party will be coextensive with the preparation and presentation of the named party's attorney"); *Jeffrey v. Malcolm*, 353 F. Supp. 395, 397 (S.D.N.Y. 1973) ("Skilled representation may be crucial, for the outcome of a class suit--whether favorable or adverse to the class--is binding on the members of the class"). In assessing the adequacy of counsel, a court may examine class counsel's conduct in both: (1) prior litigations, and (2) the putative class action before the court. *Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 634 (N.D. Ill. 1987), *aff'd*, 886 F.2d 332 (7th Cir. 1989); *Johnson*, 422 F. Supp. at 535.

142 F.R.D. at 599.

Although courts "rarely grant a protective order which totally prohibits a deposition, unless extraordinary circumstances are present," they generally do not allow the deposition of opposing counsel. *Mike v. Dymon*, 169 F.R.D. 376, 378 (D. Kan. 1996). The *Dymon* court noted that an exception would exist where

the party seeking the deposition shows that: (1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Id.* PageNet asserts that a deposition is necessary in this case due to the significance of Johnson's conduct, the inability to derive pertinent information from other sources, and the importance of this matter to the issue of class certification. The plaintiff asserts that permitting the requested deposition would (1) allow inquiries into irrelevant matters, (2) encroach on the attorney-client relationship or the attorney's work product, and (3) "undermine the working relationship between opposing counsel and distract this Court from the merits of this dispute." (Doc. 56, p. 3).

In resolving this dispute, the court makes a few initial observations. First, as already noted, counsel for the plaintiff and the putative class have more than adequately represented their clients' interests. Second, this court has reached no conclusion concerning the propriety of Johnson's actions in Texas. Third, this court will not allow this issue to disrupt the working relationship between co-

counsel, nor will it allow this issue to distract from the merits of the case. Fourth, having examined the answers to the written discovery and the arguments of counsel, further development of factual matters is appropriate for this court to adequately address this aspect of class certification. For instance, the fact that there are no longer any files in Johnson's possession, especially concerning the *Farr* and *Withers & Andradi* lawsuits, is surprising. Further, the fact that Johnson apparently paid the filing fee in *Kruse* but did not talk with counsel for the plaintiff in that matter is curious. Lastly, the court does note similarities in the four complaints.

Considering the arguments of counsel and the record, the court finds: (1) that the use of written discovery has not sufficiently illuminated the pertinent facts, (2) the involvement and conduct of counsel in the Texas lawsuits may have an impact on this court's conclusions related to class certification and, therefore, are relevant, (3) any deposition questions can be formulated so as not to impinge on privileged communications between Johnson and the particular client and what is truly work product of counsel, and (4) as the facts underlying this matter may impact the court's decision, the opportunity to depose Johnson is, at least in part, a significant aspect of PageNet's preparation for presentation of its arguments to this court on the certification issue. Although the court is reluctant to order the deposition of counsel, it does so in this matter to adequately protect the interests of the putative plaintiffs. Accordingly, the court concludes that a deposition of Johnson for a limited duration, not to exceed three hours, is necessary. The motion to compel is therefore granted to the extent authorized herein.[5]

---

[5] PageNet requests a ruling on the attorney-client and work product issues raised in their interrogatories. (Doc. 61, p. 11, n.3). Rather than provide direction premised on the written discovery, the court directs that the parties arrive at a mutually agreeable time and place for taking the deposition consistent with when the undersigned magistrate judge is available to address any objections that arise during the deposition. If the parties cannot come up with a mutually agreeable time and place, Johnson is to be deposed in Courtroom 2C, at the Hugo Black Federal Courthouse, Birmingham, Alabama, at 1:30 p.m., on September 7, 1999.

## V. MOTION TO EXTEND DISCOVERY TO TAKE A DEPOSITION (DOC. 70)

PageNet next requests that the court extend the discovery deadline on the class certification issues to allow the taking of the deposition of Anura Andradi. As already noted, the court is hesitant to allow the parties to delve into depositions that may involve inquiries into the relationship between counsel and his clients. However, under the circumstances presented herein, it is necessary to allow the limited deposition of Johnson. The concerns that drive this court to compel the deposition of Johnson do not similarly drive this court to compel the deposition of Andradi.

In the defendant's interrogatories, Johnson was asked the reason for dismissing the *Withers Andradi* lawsuit. He responded, "Mr. Andradi's case was dismissed as new information revealed that he personally had no contract with PageNet." (Doc. 68, Ex. A (Plaintiff's Responses to PageNet's Sixth Interrogatories and Requests for Production), Interrogatory 6). In the Second Supplemental Responses, Johnson also states that he dismissed Mr. Andradi's case at the direction of the client. (*Id.*, Ex. A (Plaintiff's Second Supplemental Responses and Objections to PageNet's Fourth Interrogatories and Requests for Production), Interrogatory 5). Inquiries of Mr. Andradi would most likely impinge on the attorney-client privilege. Absent a more compelling demonstration, the court finds that the intrusiveness of these weighs heavily against the granting of leave to take the deposition. This is particularly true as the court has already granted the defendants' motion to compel Johnson's deposition. Therefore, the motion will be denied.

## VI. MOTION FOR LEAVE TO TAKE A DEPOSITION (DOC. 79)

The plaintiff requests leave to take the deposition of Michael DiMarco, the former Executive Vice President of Sales for PageNet. DiMarco purportedly attended a May 26th meeting involving various PageNet executives wherein decisions regarding credits for the outage were made. Upon

11

consideration of the motion, the plaintiff will be granted leave to take the deposition of DiMarco by September 10, 1999.

**DONE** this the ___24th___ day of August, 1999.

                                                _/s/ John E. Ott_
                                                JOHN E. OTT
                                                UNITED STATES MAGISTRATE JUDGE